UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____X
:
LORI WELCH-RUBIN and DAVID :
WELCH-RUBIN, :
: Case No. 03 CV 00481 (MRK)
Plaintiffs, :
:
-against- : MEMORANDUM OF LAW
: IN SUPPORT OF
: MOTION OF DEFENDANTS
SANDALS CORPORATION a/k/a : SANDALS RESORTS
SANDALS RESORTS INTERNATIONAL : INTERNATIONAL, LTD. AND
a/k/a SANDALS RESORTS d/b/a : UNIQUE VACATIONS, INC.
BEACHES TURKS & CAICOS RESORT : FOR SUMMARY JUDGMENT
& SPA and UNIQUE VACATIONS, INC., :
: June 23, 2004
Defendants. :
_____X

Defendants Sandals Resorts International, Ltd. ("SRI") and Unique Vacations, Inc. ("Unique") respectfully submit this Memorandum of Law in support of their motion, pursuant to Fed. R. Civ. P. 56, for summary judgment dismissing the Complaint of plaintiffs Lori and David Welch-Rubin. Plaintiffs' attempt to recover damages for personal injuries from two entities that do not own, operate or manage the resort at which the injury occurred is unavailing.

STATEMENT OF FACTS

Plaintiffs allege that Lori Welch-Rubin was injured "while attempting to board a Boat owned, operated and/or controlled by the defendants ..." (Local Rule 56(a)(1) Statement in Support of Motion For Summary Judgment (the "Statement"), ¶ 1). According to the plaintiffs, "[t]he accident and the resulting injuries and losses ... were proximately caused by the negligence, carelessness and recklessness of the defendants ..." (Complaint, ¶ 7). Plaintiffs claim that defendant Sandals Resorts International, Ltd. is also known as "Sandals Corporation"

and "Sandals Resorts" and does business as "Beaches Turks & Caicos Resort & Spa." (Statement, ¶ 2). Plaintiff further alleges that defendant Unique Vacations, Inc. is also known as "Sandals Resorts International" and "Sandals Resorts" and does business as "Beaches Turks & Caicos Resort & Spa." (*Id.*, ¶ 3). In fact, there is no such entity as "Sandals Corporation" or "Sandals Resorts." (*Id.*, ¶¶ 4, 5, 9, 10). Nor is Unique an affiliate of any "Sandals" entity. (*Id.*, 13).

Neither Unique nor SRI owns, operates, manages or does business as "Beaches Turks & Caicos Resort & Spa." (*Id.*, ¶¶ 7, 8, 11, 12, 14, 15). SRI and Unique informed the plaintiffs of this in their Answer. (*Id.*, ¶ 17). Nevertheless, the plaintiffs have failed to determine the identities of the entities which actually do own and operate the resort in question. (*Id.*, ¶ 18). In fact, plaintiffs have not even taken the depositions of Unique and SRI. (*Id.*).

## DISCUSSION

Summary judgment is appropriate where, resolving all ambiguities and drawing all reasonable inferences in favor of the nonmoving party, the evidence demonstrates that "there is no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[V]ague and conclusory allegations [are not] sufficient to forestall the award of summary judgment." *Dressler v. MV Sandpiper*, 331 F.2d 130, 133 (2d Cir. 1964). As the Second Circuit has stated: "Once the movant has established a prima facie case demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991), *cert.*

*denied*, 502 U.S. 849 (1991), *citing Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In a negligence action, an injured party cannot recover from a defendant who owes no duty to that party. *Mozeleski v. Thomas*, 818 A.2d 893, 897 (Conn. App. 2003).[1] Because SRI and Unique do not own, possess or manage Beaches Turks & Caicos Resort & Spa, they have no relationship with the plaintiffs and owe them no duty. No duty is owed to maintain premises in a reasonably safe condition by entities who do not possess or control those premises. *Mozeleski*, 818 A.2d at 899; *Fernandez v. Ayers*, 742 A.2d 836, 837 (Conn. App. 2000); *Farlow v. Andrews Corp.*, 224 A.2d 546, 550 (Conn. 1966). Nor does a duty to warn exist in the absence of any relationship between parties. *Gazza v. Bandit Industries, Inc.*, 2001 WL 1178858, at *4 (Conn. Super. 2001).

Further, a tour marketer/promoter cannot, as a matter of law, be liable for personal injuries sustained while on a vacation. A tour marketer/promoter does not owe a duty to investigate the safety of a resort which it does not control, nor is there a duty on the part of a tour marketer/promoter to warn tour participants of the dangers inherent in travel. *See Davies v. General Tours, Inc.*, 774 A.2d 1063, 1068 (Conn. App. Ct. 2001). Therefore, this action should be dismissed with prejudice.

---

[1] The substantive law of the forum state, Connecticut, applies to this diversity action. *Imbrogno v. Chamberlin*, 89 F.3d 87, 89 (2d Cir. 1996).

## CONCLUSION

Accordingly, defendants Sandals Resorts International, Ltd. and Unique Vacations, Inc. respectfully request that this Court grant their motion for summary judgment.

Respectfully submitted,

Defendants Sandals Resorts International, Ltd. and Unique Vacations, Inc.

By: *Nancy A. Kulesa*

Robert A. Izard  (CT 01601)
Nancy A. Kulesa (CT 25384)
Schatz & Nobel, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut  06103
(860) 493-6292
(860) 493-6290 (fax)

-and-

SONNENSCHEIN NATH & ROSENTHAL LLP
David B. Newman
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
(212) 768-6800 (fax)

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was mailed on June 23, 2004 to the following:

Michael S. Hillis, ESQ.
Dombroski, Knapsack & Hillis LLC
205 Whitney Avenue
New Haven, CT 061511

                                                        Nancy A. Kulesa