## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORI WELCH-RUBIN and DAVID WELCH-RUBIN, | Case No. 03 CV 00481 (MRK) |
| Plaintiffs, | **LOCAL RULE 56(a)(1) STATEMENT IN SUPPORT OF MOTION OF DEFENDANTS SANDALS RESORTS INTERNATIONAL, LTD. AND UNIQUE VACATIONS, INC. FOR SUMMARY JUDGMENT** |
| -against- | |
| SANDALS CORPORATION a/k/a SANDALS RESORTS INTERNATIONAL a/k/a SANDALS RESORTS d/b/a BEACHES TURKS & CAICOS RESORT & SPA and UNIQUE VACATIONS, INC., | **June 23, 2004** |
| Defendants. | |

Pursuant to Local Rule 56(a)(1), Sandals Resorts International, Ltd. and Unique Vacations, Inc. ("Unique") submit this Statement of Undisputed Facts in support of their motion for summary judgment.

1.    The Complaint alleges that plaintiff Lori Welch-Rubin was injured "while attempting to board a Boat owned, operated and/or controlled by the defendants ..." (Complaint, ¶ 6).[1]

2.    The Complaint names as a defendant "Sandals Corporation a/k/a Sandals Resorts International a/k/a Sandals Resorts d/b/a Beaches Turks & Caicos Resort & Spa." (*Id.*, ¶ 3).

3.    The Complaint also names as a defendant "Unique Vacations, Inc., Authorized Representative of Sandals Corporation a/k/a Sandals Resorts International a/k/a Sandals Resorts d/b/a Beaches Turks & Caicos Resort & Spa." (*Id.*, ¶ 4).

---

[1]   A copy of the Complaint is annexed to the Affidavit of Merrick Fray, attached hereto as Exhibit A.

4.     There is no such entity as "Sandals Corporation." "Sandals" is a tradename used in connection with a group of hotels. (June 15, 2004 Affidavit of Merrick Fray (the "Fray Aff."), attached hereto as Exhibit A, ¶ 4).

5.     The Complaint asserts that "Sandals Corporation" is and was incorporated in Florida and has a principal place of business in Florida. (Complaint, ¶ 3). There is no such entity as "Sandals Corporation" that exists anywhere: not incorporated in Florida or any place else, nor with a principal place of business in Florida or any place else. (Fray Aff., ¶ 5).

6.     The Complaint also asserts that "Sandals Corporation" is known as "Sandals Resorts International." (Complaint, ¶ 3). There is an entity known as Sandals Resorts International, Ltd., which is a Jamaican limited liability company which is not incorporated in Florida and has no place of business in Florida. (Fray Aff., ¶ 6).

7.     Sandals Resorts International, Ltd. does not own the hotel which trades under the name "Beaches Turks & Caicos Resort & Spa" where plaintiff Lori Welch-Rubin contends she was injured. (*Id.*).

8.     Likewise, Sandals Resorts International, Ltd. does not operate the hotel which does business under the tradename "Beaches Turks & Caicos Resort & Spa." (*Id.*).

9.     The Complaint further alleges that "Sandals Corporation" is also known as "Sandals Resorts." (Complaint, ¶ 3). There is no entity known as "Sandals Resorts." (Fray Aff., ¶ 7). "Sandals Resorts" is a tradename for a group of all-inclusive hotels which do business under the name "Sandals." (*Id.*).

10.     There are 11 hotels throughout the Caribbean which do business under the tradename "Sandals." (*Id.*). These hotels are individually owned and managed. (*Id.*). There is no such corporation as "Sandals Resorts." (*Id.*, ¶ 8).

17425004

11.    The Complaint also alleges that "Sandals Corporation" is doing business as "Beaches Turks & Caicos Resort & Spa." (Fray Aff., ¶ 9).  There is no corporate or other entity known as "Beaches Turks & Caicos Resort & Spa." (*Id.*, ¶ 3).  That is a tradename for a hotel in the country of Providenciales.  (*Id.*).

12.    That resort is not owned or operated by any of the parties to this lawsuit.  Rather, that hotel is owned by an entity known as The Bay Hotel and Resort, Ltd. and managed by a company called Royal Bay Resort and Villas, Ltd.  (*Id.*).

13.    The Complaint alleges that Unique is also known as "Sandals Resorts International" and also known as "Sandals Resorts." (Complaint, ¶ 4).  To the contrary, Unique is a Florida corporation and is not owned by an affiliate of any "Sandals" entity.  (June 15, 2004 Affidavit of Kevin Froemming (the "Froemming Aff."), attached hereto as Ex. B, ¶ 6).

14.    The Complaint further claims that Unique does business as "Beaches Turks & Caicos Resort & Spa." (Complaint, ¶ 4).  Unique does not own or operate that hotel and never has. (Froemming Aff., ¶ 7).  Unique does not know the names of the entities that own and/or operate that hotel.  (*Id.*).

15.    Unique does not maintain any place of business in Turks & Caicos, and has no employees employed by or stationed at the hotel which does business under the name "Beaches Turks & Caicos Resort & Spa." (*Id.*, ¶ 5).

16.    Unique provides reservations and marketing services to a group of hotels which conduct business under the names "Sandals" and "Beaches." (Froemming Aff., ¶ 3).  Unique does not now and has never owned or operated a boat.  (*Id.*, ¶ 4).

- 3 -

17.    In their Answer, defendants indicated that "Sandals Corporation" was improperly named. (Answer, at Opening Paragraph).[2] Defendants also stated as their Sixth and Seventh Affirmative Defenses, respectively, that "[d]efendants do not own, lease, manage, or operate the hotel or premises were plaintiffs were alleged injured" and that "[d]efendants do not manage, control, or direct the activity which resulted in the alleged injuries." (*Id.*, ¶¶ 17-18).

18.    Plaintiffs have never taken the depositions of the defendants or sought to determine the identity of the entities which own and operate the hotel where plaintiff Lori Welch-Rubin was allegedly injured. (Fray Aff., ¶ 12; Froemming Aff., ¶ 10).

---

[2] A copy of the Answer is annexed to the Affidavit of Kevin Froemming, attached hereto as Exhibit B.

17425004

Respectfully submitted,

Defendants Sandals Resorts International, Ltd. and
Unique Vacations, Inc.

By: *Nancy A. Kulesa*

    Robert A. Izard  (CT 01601)
    Nancy A. Kulesa (CT 25384)
    Schatz & Nobel, P.C.
    One Corporate Center
    20 Church Street, Suite 1700
    Hartford, Connecticut  06103
    (860) 493-6292
    (860) 493-6290 (fax)

    -and-

    SONNENSCHEIN NATH & ROSENTHAL LLP
    David B. Newman
    1221 Avenue of the Americas
    New York, New York 10020
    (212) 768-6700
    (212) 768-6800 (fax)

17425004

# Exhibit A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

———————————————————— x
                                     :

LORI WELCH-RUBIN and DAVID
WELCH-RUBIN,                          :         Case No. 03 CV 00481 (MRK)

          Plaintiffs,          :

          -against-            :         **AFFIDAVIT IN SUPPORT**
                                              **OF DEFENDANTS' MOTION**
                                            :         **FOR SUMMARY JUDGMENT**

SANDALS CORPORATION a/k/a
SANDALS RESORTS INTERNATIONAL
a/k/a SANDALS RESORTS d/b/a            :
BEACHES TURKS & CAICOS RESORT
& SPA and UNIQUE VACATIONS, INC.,    :

          Defendants.          :
———————————————————— x

COUNTRY OF JAMAICA      )
                                )   ss.:
CITY OF MONTEGO BAY     )

     MERRICK FRAY, being duly sworn, deposes and says:

     1.      I am the Managing Director of Sandals Resorts International, Ltd. ("SRI"), one of

the purported defendants in this action.  I submit this Affidavit in support of the instant motion

for summary judgment dismissing SRI from this action as it neither owns nor operates the hotel

known as "Beaches Turks & Caicos Resort & Spa" ("Beaches Turks") where the incident is

alleged to have occurred.  I am personally familiar with the fact set forth herein.

     2.      The Complaint alleges that plaintiff Lori Welch-Rubin was injured while

"attempting to board a Boat owned, operated and/or controlled by the defendants…".  A copy of

the Complaint is annexed hereto as Exhibit 1.

     3.      The Complaint names as a defendant "Sandals Corporation a/k/a Sandals Resorts

International a/k/a Sandals Resorts d/b/a Beaches Turks & Caicos Resort & Spa".

4.     There is no such entity as "Sandals Corporation". "Sandals" is a tradename used in connection with a group of hotels.

5.     The Complaint, paragraph 3, asserts that "Sandals Corporation" is and was incorporated in Florida and has a principal place of business in Florida. There is <u>no</u> such entity incorporated in Florida. There is <u>no</u> such entity with principal place of business in Florida. In fact, there is <u>no</u> such entity as "Sandals Corporation".

6.     The Complaint also asserts that "Sandals Corporation" is known as "Sandals Resorts International". There is no entity known as "Sandals Resorts International". There is an entity known as Sandals Resorts International, Ltd., which is a Jamaican limited liability company which is not incorporated in Florida and has no place of business in Florida. Sandals Resorts International, Ltd., the limited liability company of which I am Managing Director, does <u>not</u> own the hotel which trades under the name "Beaches Turks & Caicos Resort & Spa" where plaintiff Lori Welch-Rubin contends she was injured. Likewise, Sandals Resorts International, Ltd. does not operate the hotel which does business under the tradename Beaches Turks & Caicos Resort & Spa.

7.     The Complaint further alleges that "Sandals Corporation" also known as "Sandals Resorts International" is also known as "Sandals Resorts". There is no entity known as "Sandals Resorts". "Sandals Resorts" is a tradename for a group of all-inclusive hotels which do business under the name "Sandals". There are 11 hotels throughout the Caribbean which do business under the tradename "Sandals". These hotels are individually owned and managed.

8.     Contrary to the Complaint, there is no corporation in Florida under the name "Sandals Resorts" and as such, it cannot have a principal place of business in Florida. In fact, there is no such entity.

17424490\V-1

9.    Finally, the Complaint states that "Sandals Corporation" is also known as Sandals Resorts International which is also known as Sandals Resorts which is doing business as "Beaches Turks & Caicos Resort & Spa". There is no corporate or other entity known as "Beaches Turks & Caicos Resort & Spa". That is a tradename for a hotel in the country of Providenciales. That resort is not owned or operated by any of the parties to this lawsuit. That hotel is owned by an entity known as The Bay Hotel and Resort, Ltd. It is managed by a company called Royal Bay Resort and Villas, Ltd. Neither of those parties have been named as defendants in this lawsuit or to my knowledge served with the pleadings.

10.    In their Answer, defendants indicated in the opening paragraph that "Sandals Corporation" was improperly named. In addition, the Sixth Affirmative Defense states that "defendants do not own, lease, manage or operate the hotel or premises where plaintiffs were allegedly injured."

11.    Paragraph 17 of the Answer, entitled Seventh Defense states that "defendants do not manage, control, or direct the activity which resulted in the alleged injuries."

12.    To my knowledge and information, plaintiffs have never taken the depositions of defendants or sought to determine the identity of the entities which own and operate the hotel where plaintiff Lori Welch-Rubin was allegedly injured.

17424490\V-1

WHEREFORE, it is respectfully requested that defendants' Motion for Summary Judgment be granted and that the Complaint be dismissed in its entirety, together with an award of costs, disbursements and such further relief as the court deems proper.

MERRICK FRAY

Sworn to before me this
__ day of June, 2004

Notary Public

1742445V-1

1

MAY-06-03 18:25  From:                                        9bb-760
04/16/03  13:55 FAX 3052841306        UNIQUE VACATIONS                    ☒005

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LORI WELCH-RUBIN and
DAVID WELCH-RUBIN                                  :
                                                   :
                                                   :
v.                                                 :
                                                   :
SANDALS CORPORATION                                :        
a/k/a SANDALS RESORTS INTERNATIONAL                :
a/k/a SANDALS RESORTS                              :        MARCH 18, 2003
d/b/a BEACHES TURKS & CAICOS RESORT & SPA          :
and, UNIQUE VACATIONS, INC.                        :   3 03CV00481
                                                           DJS

## COMPLAINT

### JURISDICTION

1.    This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.

2.    Plaintiffs, LORI WELCH-RUBIN and DAVID WELCH-RUBIN, are individuals and each is, and was at all times mentioned, domiciled in and a citizen of the State of Connecticut.

3.    Defendant, SANDALS CORPORATION a/k/a SANDALS RESORTS INTERNATIONAL a/k/a SANDALS RESORTS d/b/a BEACHES TURKS & CAICOS RESORT & SPA, is and was at all times mentioned, incorporated in the State of Florida, having a principal place of business and being a citizen of the State of Florida.

4.    Defendant, UNIQUE VACATIONS, INC., AUTHORIZED REPRESENTATIVE OF SANDALS CORPORATION a/k/a SANDALS RESORTS INTERNATIONAL a/k/a SANDALS RESORTS d/b/a BEACHES TURKS & CAICOS RESORT & SPA, is and was at all times mentioned, incorporated in the State of Florida,

having a principal place of business and being a citizen of the State of Florida.

5. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000.00. Every issue of law and fact is wholly between citizens of different states.

## ALLEGATIONS AND CLAIM

6. On or about March 19, 2001, the plaintiff, **LORI WELCH-RUBIN**, while attempting to board a Boat owned, operated and/or controlled by the defendants, **SANDALS CORPORATION a/k/a SANDALS RESORTS INTERNATIONAL a/k/a SANDALS RESORTS d/b/a BEACHES TURKS & CAICOS RESORT & SPA and/or UNIQUE VACATIONS, INC., AUTHORIZED REPRESENTATIVE OF SANDALS CORPORATION a/k/a SANDALS RESORTS INTERNATIONAL a/k/a SANDALS RESORTS d/b/a BEACHES TURKS & CAICOS RESORT & SPA**, injured her left shoulder as a result of the negligence of the defendants.

7. The accident above stated and the resulting injuries and losses suffered by the plaintiff, **LORI WELCH-RUBIN**, as described herein, were proximately caused by the negligence, carelessness and recklessness of the defendants, **SANDALS CORPORATION a/k/a SANDALS RESORTS INTERNATIONAL a/k/a SANDALS RESORTS d/b/a BEACHES TURKS & CAICOS RESORT & SPA and/or UNIQUE VACATIONS, INC., AUTHORIZED REPRESENTATIVE OF SANDALS CORPORATION a/k/a SANDALS RESORTS INTERNATIONAL a/k/a SANDALS RESORTS d/b/a BEACHES TURKS & CAICOS RESORT & SPA**, its servants, agents and/or employees, in one or more of the following ways:

a)   they failed to properly secure and/or anchor the boat;

b)   they failed to properly erect structures to ensure the safety of their guests while boarding the boat;

c)   they failed to ensure the safety of their guests while boarding the boat;

d)   they failed to properly train and supervise their employees in assisting the plaintiff in boarding the boat;

d)   they failed to keep said boat under reasonable and proper control;

e)   they failed to warn the plaintiff of their inability to properly supervise and train their employees;

f)   they failed to exercise reasonable care under the circumstances then and there existing;

g)   they failed to use reasonable and proper care while operating said boat; and,

h)   they failed to warn the plaintiff of their carelessness and lack of training with regard to the operation of said boat;

8.   The plaintiff, LORI WELCH-RUBIN, avers that the defendants, SANDALS CORPORATION a/k/a SANDALS RESORTS INTERNATIONAL a/k/a SANDALS RESORTS d/b/a BEACHES TURKS & CAICOS RESORT & SPA and/or UNIQUE VACATIONS, INC., AUTHORIZED REPRESENTATIVE OF SANDALS CORPORATION a/k/a SANDALS RESORTS INTERNATIONAL a/k/a SANDALS RESORTS d/b/a BEACHES TURKS & CAICOS RESORT & SPA, were negligent.

9.   As the result of the negligence, carelessness and recklessness of the defendants,

SANDALS CORPORATION a/k/a SANDALS RESORTS INTERNATIONAL a/k/a SANDALS RESORTS d/b/a BEACHES TURKS & CAICOS RESORT & SPA and/or UNIQUE VACATIONS; INC., AUTHORIZED REPRESENTATIVE OF SANDALS CORPORATION a/k/a SANDALS RESORTS INTERNATIONAL a/k/a SANDALS RESORTS d/b/a BEACHES TURKS & CAICOS RESORT & SPA, the plaintiff, LORI WELCH-RUBIN, was seriously injured; suffered great pain of body and mind; incurred expenses for hospital, rehabilitation, medical attention; incurred care, support and transportation expenses; suffered permanent injury; loss of life's enjoyment; will require future medical attention; and, will incur future medical and/or psychiatric expense.

    10.   As a result of the negligence of the defendants, SANDALS CORPORATION a/k/a SANDALS RESORTS INTERNATIONAL a/k/a SANDALS RESORTS d/b/a BEACHES TURKS & CAICOS RESORT & SPA and/or UNIQUE VACATIONS, INC., AUTHORIZED REPRESENTATIVE OF SANDALS CORPORATION a/k/a SANDALS RESORTS INTERNATIONAL a/k/a SANDALS RESORTS d/b/a BEACHES TURKS & CAICOS RESORT & SPA, the plaintiff, DAVID WELCH-RUBIN, lost the services, love, attention and affection of his spouse/the plaintiff, LORI WELCH-RUBIN.

WHEREFORE, the plaintiffs, LORI WELCH-RUBIN and DAVID WELCH-

RUBIN, respectfully pray that judgment be entered against the defendants, SANDALS

CORPORATION a/k/a SANDALS RESORTS INTERNATIONAL a/k/a SANDALS

RESORTS d/b/a BEACHES TURKS & CAICOS RESORT & SPA and/or UNIQUE

VACATIONS, INC., AUTHORIZED REPRESENTATIVE OF SANDALS

CORPORATION a/k/a SANDALS RESORTS INTERNATIONAL a/k/a SANDALS

RESORTS d/b/a BEACHES TURKS & CAICOS RESORT & SPA, in the amount of

$500,000.00 based upon:

    a)    Actual damages;

    b)    Pain and suffering, loss of enjoyment;

    c)    Damages as a result of permanent injury;

    d)    Loss of earning capacity;

    e)    Future medical and psychiatric expenses; and,

    f)    For such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED
THE PLAINTIFFS
LORI WELCH-RUBIN
DAVID WELCH-RUBIN


By: _____

**MICHAEL S. HILLIS**
DOMBROSKI, KNAPSACK & HILLIS LLC
205 Whitney Avenue
New Haven, Connecticut 06511
(203) 624-9096 - phone
(203) 624-1308 - facsimile
FEDERAL BAR NO.: ct11867

- Page 5 -

## DEMAND FOR JURY TRIAL

Please take notice that the plaintiffs, **LORI WELCH-RUBIN** and **DAVID WELCH-RUBIN**, demand trial by jury in this action.


By: _____
     **MICHAEL S. HILLIS**
     Attorney for Plaintiffs

Exhibit B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____X
                                 :
LORI WELCH-RUBIN and DAVID       :
WELCH-RUBIN,                     :
                                 :          Case No. 03 CV 00481 (MRK)
            Plaintiffs,          :
                                 :
         -against-               :          **AFFIDAVIT IN SUPPORT OF**
                                 :          **DEFENDANTS' MOTION FOR**
                                 :          **SUMMARY JUDGMENT**
SANDALS CORPORATION a/k/a        :
SANDALS RESORTS INTERNATIONAL    :
a/k/a SANDALS RESORTS d/b/a      :
BEACHES TURKS & CAICOS RESORT    :
& SPA and UNIQUE VACATIONS, INC.,:
                                 :
            Defendants.          :
_____X

STATE OF FLORIDA      )
                      )  ss.:
COUNTY OF DADE        )

KEVIN FROEMMING, being duly sworn, deposes and says:

1.    I am the President of defendant Unique Vacations, Inc. ("Unique") and submit this Affidavit in support of the instant motion for summary judgment dismissing the Complaint. I am personally familiar with the facts set forth herein.

2.    Unique does <u>not</u> own or operate the hotel known as "Beaches Turks & Caicos Resort & Spa".

3.    Unique provides reservations and marketing services to a group of hotels which conduct business under the names "Sandals" and "Beaches".

4.    The Complaint alleges, in paragraph 6, that plaintiff Lori Welch-Rubin was injured "while attempting to board a Boat owned, operated, and/or controlled by the defendants…". Unique does <u>not</u> and <u>never</u> has owned or operated any boat.

17424495\V-1

5.    Unique does not maintain any place of business in Turks & Caicos, and has no employees employed by or stationed at the hotel which does business under the name "Beaches Turks & Caicos Resort & Spa".

6.    The Complaint asserts that Unique is also known as "Sandals Resorts International" and also known as "Sandals Resorts". This is not true. Unique is a Florida corporation and is not owned by or an affiliate of any "Sandals" entity.

7.    The Complaint also states that Unique does business as "Beaches Turks & Caicos Resort & Spa". This, too, is incorrect. "Beaches Turks & Caicos Resort & Spa" is the tradename for a hotel which does business in the country of Providenciales. Unique does not own or operate said hotel and never has. In fact, Unique does not know the names of the entities that own and/or operate that hotel.

8.    In their Answer, a copy of which is annexed hereto as Exhibit 1, defendants stated in Paragraph 16, the Sixth Defense, that "defendants do not own, lease, manage, or operate the hotel or premises where plaintiffs were allegedly injured."

9.    In their Seventh Defense, paragraph 17, defendants allege that they "do not manage, control, or direct the activity which resulted in the alleged injuries."

10.    To my knowledge, plaintiffs have not taken the depositions of any of the defendants in order to determine the entities which owned and/or operated the hotel which does business under the name "Beaches Turks & Caicos Resort & Spa".

- 2 -

WHEREFORE, Unique Vacations, Inc. respectfully request that this motion for summary judgment be granted and that the Complaint be dismissed in its entirety, together with an award of cost, disbursements and such further relief as the court deems proper.

_____
KEVIN FROEMMING

Sworn to before me this
16th day of June 2004



Notary Public

DEBBIE E. LOWNDES
Notary Public - State of Florida
My Commission Expires Jun 16, 2008
Commission # DD326338
Bonded by National Notary Assn.

- 3 -

1742449\V-1

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————x
:
LORI WELCH-RUBIN and DAVID      :
WELCH-RUBIN,
:      Case No. 03 CV 00481 (DJS)
        Plaintiffs,
:
    -against-
:
SANDALS CORPORATION a/k/a       :
SANDALS RESORTS INTERNATIONAL
a/k/a/ SANDALS RESORTS d/b/a     :
BEACHES TURKS & CAICOS RESORT
& SPA and UNIQUE VACATIONS, INC., :
        Defendants.        :      May 8, 2003
———————————————————x

## ANSWER

Defendants Unique Vacations, Inc. and Sandals Corporation (improperly named), by their attorneys Schatz & Nobel, P.C. and Sonnenschein Nath & Rosenthal, as and for their Answer, respond as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.      Deny the allegations contained in paragraph 3 of the Complaint.

4.      Deny the allegations contained in paragraph 4 of the Complaint.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except deny that the matter in controversy exceeds $75,000.

6.    Deny the allegations contained in paragraph 6 of the Complaint.

7.    Deny the allegations contained in paragraph 7 of the Complaint.

8.    Deny the allegations contained in paragraph 8 the Complaint.

9.    Deny the allegations contained in paragraph 9 of the Complaint.

10.    Deny the allegations contained in paragraph 10 of the Complaint.

## FIRST DEFENSE

11.    The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

12.    The alleged injuries and damages complained of were due to unavoidable circumstances and causes beyond the control of defendants.

## THIRD DEFENSE

13.    Process and service of process were insufficient.

## FOURTH DEFENSE

14.    Recovery on the claims alleged in the Complaint is barred or diminished by application of the collateral source rule.

## FIFTH DEFENSE

15.    The Complaint is barred or, at the very least, the damages to which plaintiffs are entitled are reduced, by virtue of plaintiffs' contributory or comparative negligence.

## SIXTH DEFENSE

9884334v1

16.   Defendants do not own, lease, manage, or operate the hotel or premises where plaintiffs were allegedly injured.

## SEVENTH DEFENSE

17.   Defendants do not manage, control, or direct the activity which resulted in the alleged injuries.

## EIGHTH DEFENSE

18.   The alleged tortious action giving rise to plaintiffs' claim occurred in Turks & Caicos and therefore Turks & Caicos law governs this matter.   Defendants are entitled to all defenses allowed by Turks & Caicos law which the pleadings will be amended to reflect.

## NINTH DEFENSE

19.   Plaintiffs expressly assumed the risk of injury by engaging in activities during which they were allegedly injured.   Accordingly, any recovery by plaintiffs should be either barred or reduced under the doctrine of assumption of risk.

## TENTH DEFENSE

20.   Venue does not lie in this District.

## ELEVENTH DEFENSE

21.   This action should be dismissed based upon *forum non conveniens*.

## TWELFTH DEFENSE

22.   This Court does not have personal jurisdiction over the defendants.

## THIRTEENTH DEFENSE

23.   This action is barred by the applicable Statute of Limitations.

9884334v1

WHEREFORE, it is respectfully requested that this action be dismissed, together with an award of costs and disbursements and such other and further relief as is deemed proper.

Dated: May 8, 2003

SCHATZ & NOBEL, P.C.

By: _____
Robert Izard (CT 01601)
350 Main Street
Hartford, CT 06106
(860) 493-6292
(860) 493-6290 (Fax)

SONNENSCHEIN NATH & ROSENTHAL
David B. Newman
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
(212) 768-6800 (fax)

Attorneys for Defendants

TO:     MICHAEL S. HILLIS, ESQ.
        Dombroski, Knapsack & Hillis LLC
        205 Whitney Avenue
        New Haven, Connecticut 06511

        Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed on May 8, 2003 to the following:

Michael S. Hillis, ESQ.
Dombroski, Knapsack & Hillis LLC
205 Whitney Avenue
New Haven, CT 061511

_____
Nancy A. Kulesa

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed on June 23, 2004 to the following:

Michael S. Hillis, ESQ.
Dombroski, Knapsack & Hillis LLC
205 Whitney Avenue
New Haven, CT 061511

Nancy A. Kulesa