UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Jun 30  10 58 AM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

---------------------------------------- x
LORI WELCH-RUBIN and DAVID              :
WELCH-RUBIN,                            :
                                        :     Case No. 03 CV 00481 (MRK)
            Plaintiffs,                 :
                                        :
        -against-                       :     **AFFIDAVIT IN SUPPORT**
                                        :     **OF DEFENDANTS' MOTION**
                                        :     **FOR SUMMARY JUDGMENT**
SANDALS CORPORATION a/k/a               :
SANDALS RESORTS INTERNATIONAL           :
a/k/a SANDALS RESORTS d/b/a             :
BEACHES TURKS & CAICOS RESORT           :
& SPA and UNIQUE VACATIONS, INC.,       :
                                        :
            Defendants.                 :
---------------------------------------- x

COUNTRY OF JAMAICA    )
                      ) ss.:
CITY OF MONTEGO BAY   )

MERRICK FRAY, being duly sworn, deposes and says:

1. I am the Managing Director of Sandals Resorts International, Ltd. ("SRI"), one of the purported defendants in this action. I submit this Affidavit in support of the instant motion for summary judgment dismissing SRI from this action as it neither owns nor operates the hotel known as "Beaches Turks & Caicos Resort & Spa" ("Beaches Turks") where the incident is alleged to have occurred. I am personally familiar with the fact set forth herein.

2. The Complaint alleges that plaintiff Lori Welch-Rubin was injured while "attempting to board a Boat owned, operated and/or controlled by the defendants...". A copy of the Complaint is annexed hereto as Exhibit A.

3. The Complaint names as a defendant "Sandals Corporation a/k/a Sandals Resorts International a/k/a Sandals Resorts d/b/a Beaches Turks & Caicos Resort & Spa".

17424490\V-1

4. There is no such entity as "Sandals Corporation". "Sandals" is a tradename used in connection with a group of hotels.

5. The Complaint, paragraph 3, asserts that "Sandals Corporation" is and was incorporated in Florida and has a principal place of business in Florida. There is <u>no</u> such entity incorporated in Florida. There is <u>no</u> such entity with principal place of business in Florida. In fact, there is <u>no</u> such entity as "Sandals Corporation".

6. The Complaint also asserts that "Sandals Corporation" is known as "Sandals Resorts International". There is no entity known as "Sandals Resorts International". There is an entity known as Sandals Resorts International, Ltd., which is a Jamaican limited liability company which is not incorporated in Florida and has no place of business in Florida. Sandals Resorts International, Ltd., the limited liability company of which I am Managing Director, does <u>not</u> own the hotel which trades under the name "Beaches Turks & Caicos Resort & Spa" where plaintiff Lori Welch-Rubin contends she was injured. Likewise, Sandals Resorts International, Ltd. does not operate the hotel which does business under the tradename Beaches Turks & Caicos Resort & Spa.

7. The Complaint further alleges that "Sandals Corporation" also known as "Sandals Resorts International" is also known as "Sandals Resorts". There is no entity known as "Sandals Resorts". "Sandals Resorts" is a tradename for a group of all-inclusive hotels which do business under the name "Sandals". There are 11 hotels throughout the Caribbean which do business under the tradename "Sandals". These hotels are individually owned and managed.

8. Contrary to the Complaint, there is no corporation in Florida under the name "Sandals Resorts" and as such, it cannot have a principal place of business in Florida. In fact, there is no such entity.

9. Finally, the Complaint states that "Sandals Corporation" is also known as Sandals Resorts International which is also known as Sandals Resorts which is doing business as "Beaches Turks & Caicos Resort & Spa". There is no corporate or other entity known as "Beaches Turks & Caicos Resort & Spa". That is a tradename for a hotel in the country of Providenciales. That resort is not owned or operated by any of the parties to this lawsuit. That hotel is owned by an entity known as The Bay Hotel and Resort, Ltd. It is managed by a company called Royal Bay Resort and Villas, Ltd. Neither of those parties have been named as defendants in this lawsuit or to my knowledge served with the pleadings.

10. In their Answer, defendants indicated in the opening paragraph that "Sandals Corporation" was improperly named. In addition, the Sixth Affirmative Defense states that "defendants do not own, lease, manage or operate the hotel or premises where plaintiffs were allegedly injured."

11. Paragraph 17 of the Answer, entitled Seventh Defense states that "defendants do not manage, control, or direct the activity which resulted in the alleged injuries."

12. To my knowledge and information, plaintiffs have never taken the depositions of defendants or sought to determine the identity of the entities which own and operate the hotel where plaintiff Lori Welch-Rubin was allegedly injured.

WHEREFORE, it is respectfully requested that defendants' Motion for Summary Judgment be granted and that the Complaint be dismissed in its entirety, together with an award of costs, disbursements and such further relief as the court deems proper.

_____
MERRICK FRAY

Sworn to before me this
___ day of June, 2004

_____
Notary Public

17424490\V-1

- 4 -