# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

---------------------------------X
:
LORI WELCH-RUBIN and DAVID :
WELCH-RUBIN, :
: Case No. 03 CV 00481 (MRK)
Plaintiffs, :
:
-against- : **REPLY MEMORANDUM OF LAW**
: **IN FURTHER SUPPORT OF**
: **MOTION OF DEFENDANTS**
SANDALS CORPORATION a/k/a : **SANDALS RESORTS**
SANDALS RESORTS INTERNATIONAL : **INTERNATIONAL, LTD. AND**
a/k/a SANDALS RESORTS d/b/a : **UNIQUE VACATIONS, INC.**
BEACHES TURKS & CAICOS RESORT : **FOR SUMMARY JUDGMENT**
& SPA and UNIQUE VACATIONS, INC., :
:
Defendants. :
---------------------------------X

July 29, 2004

Defendants Sandals Resorts International, Ltd. ("SRI") and Unique Vacations, Inc. ("Unique") respectfully submit this Memorandum of Law in further support of their motion, pursuant to Fed. R. Civ. P. 56, for summary judgment dismissing the Complaint of Plaintiffs Lori and David Welch-Rubin.

### PRELIMINARY STATEMENT

In moving for summary judgment, the Defendants provided this Court with evidence, in the form of affidavits, that the Defendants do not own or manage the "Sandals Turks & Caicos Resort & Spa" at which Plaintiff Lori Welch-Rubin alleges she was injured. Plaintiffs, in response, urge this Court to deny summary judgment, "[t]aking the allegations of the Complaint in favor of the plaintiffs." (Pls. Opp. to Mot. for Summ. J. ("the Pls. Br.") at 2). But "a party

faced with a summary judgment motion may not rest upon the mere allegations or denials of the party's pleading." *Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir. 1996) (internal quotation marks omitted). Rather, the party faced with summary judgment, "by affidavits or as otherwise provided ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Instead of setting forth specific facts to defeat summary judgment, Plaintiffs impermissibly attempt to prove the existence of a genuine issue for trial through conjecture and speculation. Thus, Defendants' motion for summary judgment should be granted.

## STATEMENT OF FACTS

Since the very beginning of this action, the Plaintiffs have been on notice that neither SRI nor Unique owns or manages Beaches Turks & Caicos Resort & Spa, the facility at which Plaintiff Lori Welch-Rubin claims she was injured. First, SRI and Unique stated in the Answer that "Sandals Corporation" was improperly named as a defendant. (Answer at Introductory Paragraph; Defs. Statement of Undisputed Facts (the "Statement"), ¶ 17). Second, SRI and Unique stated as affirmative defenses in the Answer that they "do not own, lease, manage, or operate the hotel or premises where plaintiffs were allegedly injured" and "do not manage, control, or direct the activity which resulted in the alleged injuries." (Answer, at ¶¶ 16-17; Statement ¶ 17). Plaintiff Lori Welch-Rubin admitted at her deposition that she did not know which entities owned and managed the Beaches Turks & Caicos Resort & Spa. (March 29, 2004 Deposition of Lori Welch Rubin at 207:15-209:2, attached as Ex. A to the July 29, 2004 Affidavit of David B. Newman (attached hereto as Ex. 1)). Despite the defenses asserted by SRI and Unique, and Ms. Welch-Rubin's admitted lack of knowledge, the Plaintiffs chose not to depose either SRI or Unique. (Statement ¶ 18).

In support of their Motion for Summary Judgment, the Defendants submitted the affidavits of Kevin Froemming, the President of Unique Vacations, Inc. (the "Froemming Aff.") and Merrick Fray, the Managing Director of Sandals Resorts International, Ltd. (the "Fray Aff."). These affidavits state respectively that neither Unique nor SRI owns or manages the facility at which Lori Welch-Rubin alleges she was injured. (Statement, ¶¶ 7, 8, 12, 14-16). The Fray affidavit further states that Beaches Turks & Caicos Resort & Spa is actually owned by an entity known as The Bay Hotel and Resort, Ltd. and is managed by a company called Royal Bay Resort and Villas, Ltd. (Fray Aff., ¶ 9; Statement ¶ 12). The Plaintiffs, in opposing summary judgment, have presented no evidence with which to rebut the Defendants' showings. Having chosen not to depose the Defendants, the Plaintiffs are now stuck with nothing but conclusory allegations, which are insufficient to defeat summary judgment.

## ARGUMENT

*The Affidavits of Merrick Fray and Kevin Froemming Prove That the Defendants Do Not Own or Manage the Turks & Caicos Resort & Spa*

The Froemming Affidavit and the Fray Affidavit state respectively that Unique and SRI do not own or manage the facility at which Lori Welch-Rubin alleges she was injured. Plaintiffs lob several arguments to discredit the Fray Affidavit, claiming that it is "void of any foundation for the authority Mr. Fray has to make statements on behalf of Sandals Resorts International, Ltd." and that "he provides no other proof ... other than his word" that SRI "does not own or operate 'Beaches Turks & Caicos Resort & Spa.'" (Pls. Br. at 2).[1] However, federal law is clear

---

[1] Plaintiffs also claim that the Fray Affidavit "fails" because it is "undated and questionably executed." (Pls. Br. at 2). While the Fray affidavit was signed and notarized, it inadvertently was not dated by the notary. However, "courts should not be 'unnecessarily hypertechnical and overly harsh on a party who unintentionally fails to make certain that all technical, non-substantive requirements of execution are satisfied.'" *Lakeview Outlets, Inc. v. Uram*,

- 3 -

17440900\V-1

that corporate officers such as Messrs. Froemming and Fray may swear to their personal knowledge of corporate practices in the form of an affidavit. *See Shannon v. New York City Transit Authority*, 189 F. Supp.2d 55, 66 (S.D.N.Y. 2002) (allowing submission of affidavit from Chief Officer [of] Safety, Training and Performance for Transit Authority Department of Buses given the "scope and depth of [affiant's] position and his commensurate knowledge"), *aff'd*, 332 F.3d 95 (2d Cir. 2003); 6 James Wm. Moore et al., Moore's Federal Practice § 56.14[1][c] (2004) ("If a party chooses to utilize an affidavit in connection with a summary judgment motion, the affidavit must be based on personal knowledge. In some instances, proof that the information contained in the affidavit is based on personal knowledge may be inferred from the content ... [C]orporate officers are presumed to have personal knowledge of acts of the corporation.").

*Plaintiffs Have Proffered No Evidence Proving That Sandals Resorts International, Ltd. Owns or Manages the Turks & Caicos Resort & Spa*

Mr. Fray swore in his affidavit that SRI does not own or manage the Beaches Turks & Caicos Resort & Spa. In response, Plaintiffs protest that Mr. Fray "provides no other proof of [non-]ownership [of Beaches Turks & Caicos Resort & Spa] other than his word." (Pls. Br. at 2). However, "a *defendant need not prove a negative when it moves for summary judgment* on an issue that the plaintiff must prove at trial. It need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must designate specific facts showing that there is a genuine issue for trial." *Kaltman-Glasel v. Dooley*, 228 F. Supp.2d 101, 103 (D. Conn. 2002)

---

1996 WL 571520 (N.D.N.Y. 1996) (holding that an affidavit that was neither dated nor notarized could be considered on a summary judgment motion), *quoting Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985). At any rate, the Defendants have attached to this Reply Memorandum a new copy of the Fray Affidavit, complete with the notary's date of signature (attached as Ex. 2).

(emphasis added), *quoting Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001).

The only evidence which Plaintiffs *have* introduced to try to prove that a genuine issue does exist with respect to SRI is documentation which they claim "*suggests* that Sandals Resorts International owns 'Sandals' and 'Beaches' including Turks and Caicos Beach and Resort." (Pls. Br. at 2 (emphasis added)). This evidence is insufficient because "mere conclusory allegations, *speculation or conjecture will not avail a party resisting summary judgment.*" *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996) (emphasis added).

The first piece of evidence Plaintiffs cite is a series of documents which appear to be electronic print-outs that Plaintiffs describe as "dealing with 'Sandals' and 'Beaches' concerning [Lori Welch-Rubin's] claim via both entities [sic] e-mail address." (Pls. Br. at 2). Not one of those documents makes any reference to the ownership or management of Beaches Turks & Caicos Resort & Spa. The second and final piece of evidence Plaintiffs cite is an affidavit by an "investigative research paralegal" named Carl Frederick (the "Frederick Aff."). Not one single contention in Mr. Frederick's affidavit addresses whether SRI manages or owns the Beaches Turks & Caicos Resort & Spa.[2] Any conclusion regarding the ownership or management of the Beaches Turks & Caicos Resort & Spa, reached from the evidence Plaintiffs have proffered, would be pure conjecture and speculation. Thus, Plaintiffs' evidence is wholly insufficient to defeat summary judgment.

---

[2] Mr. Frederick's affidavit discusses the alleged ownership of the www.beaches.com Internet domain name, a magazine story that "listed facts about the company known as 'Sandals Resorts International,'" "caselaw where the entity 'Sandals Resorts International' proceeded to trial in similar matters," a business credit report stating that "Unique Vacations, Inc. has an alias of Sandals Resort," and the contact information allegedly listed on the www.beaches.com and www.sandals.com Internet websites. (Frederick Aff., ¶¶ 3-7).

- 5 -

*Plaintiffs Have Proffered No Evidence Proving That Unique Vacations, Inc. Owns or Manages the Turks & Caicos Resort & Spa*

Summary judgment is also appropriate with respect to Plaintiffs' claim against Unique Vacations, Inc. Plaintiffs make three arguments with respect to Unique -- all of which also rely entirely on impermissible conjecture and speculation. First, Plaintiffs claim that "Unique has been sued in other jurisdictions for its participation with Sandals." (Pls. Br. at 3). While Unique Vacations has been a defendant in other actions, Plaintiffs have cited to no case in which Unique was held to own or manage the Beaches Turks & Caicos Resort & Spa -- because no such case exists. Second, Plaintiffs argue summary judgment is inappropriate because Unique's "Dunn and Bradstreet Report lists Business Services Management as its primary business." (*Id.*) Again, this is no evidence that Unique owns or manages the facility in question. Finally, the Plaintiffs argue that summary judgment is inappropriate because Kevin Froemming's "affidavit does not address whether Unique is an authorized representative of Sandals and whether or not it directs or operates Turks & Caicos Resort & Spas [sic] from outside of the resort." (*Id.*) In fact, Mr. Froemming's affidavit clearly states that "Unique does <u>not</u> own or operate said hotel and <u>never</u> has." (Froemming Aff., ¶ 7 (emphasis in original)). Because Unique does not own or operate the facility in question, whether or not Unique is an authorized representative of "Sandals" (an entity the Plaintiffs do not define) is a moot point.

17440900\V-1

## CONCLUSION

Accordingly, defendants Sandals Resorts International, Ltd. and Unique Vacations, Inc. respectfully request that this Court grant their motion for summary judgment.

Respectfully submitted,

SCHATZ & NOBEL P.C.

By: *Nancy A. Kulesa*

Robert A. Izard (CT 01601)
Nancy A. Kulesa  (CT 25384)
One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut 06103
(860) 493-6292
(860) 493-6290 (fax)

and

David B. Newman
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
(212) 768-6800 (fax)

Attorneys for Defendants Sandals Resorts International, Ltd. and Unique Vacations, Inc.

17440900\V-1